**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------
                                    :
  JACK DILDABANIAN,                  :
                                    :
         Petitioner,                 :   CIVIL NO. 06-1983(NLH)
                                    :
     v.                              :
                                    :   **OPINION**
  CHARLES E. SAMUELS, JR.,           :
                                    :
         Defendant.                  :
                                    :
------------------------------------

**APPEARANCES:**

Marco Laracca
331 Central Avenue
Orange, NJ 07050
*And*
Linda S. Sheffield
6600 Peachtree Dunwoody Road
400 Embassy Row, Suite 470
Atlanta, GA 30328
*Attorneys for Petitioner*

United States Dept. of Justice - U.S. Attorneys Office
By: Louis J. Bizzarri, AUSA
Camden Federal Building & U.S. Courthouse
401 Market Street, 4th Floor
P.O. Box 2098
Camden, New Jersey 08181
*Attorney for Defendant*

**HILLMAN, District Judge**

Jack Dildabanian, while an inmate at the Federal Correctional Institution at Fort Dix, New Jersey, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

challenging the Bureau of Prison's ("BOP") determination that he is not eligible for the early release incentive pursuant to 18 U.S.C. § 3621(e)(2)(B). Respondent filed a Motion to Dismiss the Petition. For reasons explained below, the Court dismisses the Petition without prejudice.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Jack Dildabanian contests a decision by the BOP denying him a one-year sentence reduction because of his conviction for extortionate credit transactions. Pursuant to 18 U.S.C. § 3621(e)(2)(B), "prisoners convicted of a nonviolent offense" are eligible for a one-year sentence reduction upon successful completion of a drug treatment program.[1] Petitioner was convicted September 24, 2003 for extortionate credit transactions under 18 U.S.C. § 894(a)(1)[2] and was incarcerated on March 5, 2004. See also 18 U.S.C.

---

[1] 18 U.S.C. § 3621(e)(2)(B) states
Period of custody.--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

[2] 18 U.S.C. § 894(a)(1) states
(a) Whoever knowingly participates in any way, or conspires to do so, in the use of any extortionate means
(1) to collect or attempt to collect any extension of credit
. . .
shall be fined under this title or imprisoned not more than 20 years, or both.

§ 891(7) (definition of "extortionate means").[3]  While incarcerated, Petitioner completed the Residential Drug Abuse Program and, therefore, contends that he is eligible for early release under the statute.  However, the BOP denied him a sentence reduction pursuant to its regulation which categorically excludes inmates convicted of a violent crime from eligibility for early release under section 3621(e)(2)(B).  See 28 C.F.R. § 550.58.[4]  Accordingly, petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that it was error for the BOP to categorize 18 U.S.C. § 894(a)(1) as a crime of violence under 28 C.F.R. § 550.58.

---

[3] 18 U.S.C. § 891(7) states
(7) An extortionate means is any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person.

[4] 28 C.F.R. § 550.58 provides in relevant part:
An inmate . . . who successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
(a) Additional early release criteria.
(1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
. . .
(vi) Inmates whose current offense is a felony:
(A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another . . . .

After this petition was filed, petitioner was released from Fort Dix on February 21, 2007, and is currently serving a term of three years supervised release. The Court requested supplemental information in light of the fact that petitioner had been released from prison. Petitioner submitted a letter on April 20, 2007 listing the following restrictions imposed upon him as part of his supervised release:

(1) He cannot travel outside the Southern District of New York.
(2) He cannot drink alcoholic beverages.
(3) He must report to his probation officer.
(4) His home is subject to random, unannounced visits and searches.
(5) He must report any purchase in excess of $500 to the U.S. Probation Officer supervising him, and is subject to other financial reporting conditions.
(6) He is given random, unannounced breathalyzer and urine tests.
(7) There are restrictions on where he can work, and if he changes jobs he can only do so with the permission of his supervising U.S. Probation Officer.

The supplemental report did not request any additional relief, nor did it revise the relief requested. Therefore, for purposes of deciding this habeas petition, the Court assumes that since petitioner is no longer incarcerated, he is seeking a reduction of his supervised release time as credit for his alleged extra time served while incarcerated.

**II.   DISCUSSION**

**A. Jurisdiction**

This court has jurisdiction pursuant to 28 U.S.C. § 2241, which provides in relevant part: "(a) [w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . . .  (c) The writ of habeas corpus shall not extend to a prisoner unless . . . He is *in custody* . . . ." 28 U.S.C. § 2241(a), (c)(3)(emphasis added).

Although petitioner is no longer incarcerated, he still satisfies the "in custody" requirement of the habeas statute because he was in prison at the time he filed his petition. See 28 U.S.C. § 2254; Spencer v. Kemna, 523 U.S. 1, 7 (1998)(holding that a habeas petition is not moot due to petitioner's release from petition if the petitioner was incarcerated at the time the petition is filed)(citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Maleng v. Cook, 490 U.S. 488, 490-91 (1989)(per curiam).

Petitioner was incarcerated at the time he filed his petition so he meets the "in custody" requirement under Spencer.  However, since Petitioner was released from

5

incarceration, it raises the issue of whether "... petitioner's subsequent release cause[s] the petition to be moot because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." Id.; Chong v. Immigration and Naturalization Service, 264 F.3d 378, 383 (2001). The "case or controversy" requirement is present during all stages of federal judicial proceedings so that the parties must maintain a "'personal stake in the outcome' of the lawsuit." Id. (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

Here, petitioner is no longer incarcerated, but he is subject to supervised release. Petitioner submitted a supplemental report listing all the restrictions on his liberty while he is on supervised released. Petitioner is still considered to be "in custody" under the habeas statute because his liberty is restricted while on supervised release. See Pina v. Miner, No. 05-4108, 2007 WL 1749962, at *2 (D.N.J. June 14, 2007)(relying on Third Circuit ruling that "persons whose liberty is restricted are 'in custody'" as that term is used in § 2241)(citing Barry v Brower, 864 F.2d 294, 296 (3d Cir. 1998)(further citations omitted). While in custody under supervised release, petitioner also

maintains a stake in the outcome of this litigation and meets the "case or controversy" requirement. See Spencer, 523 U.S. at 7.

### B. Supervised Release

Having established that we can exercise jurisdiction because petitioner is still considered "in custody" under the habeas statute and presents a case or controversy, we turn to the relief requested in the petition. Petitioner argues in his petition that he should be granted a one-year sentence reduction since he completed the drug program in prison. Since petitioner is on supervised release and no longer incarcerated, his request is interpreted as a one-year reduction of his supervised release.

We cannot grant petitioner any reduction in his term of supervised release even assuming arguendo that he would have been entitled to a reduction. The Supreme Court has held that the length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'" DeFoy v. McCullough, 393 F.3d 439, 442 n.3 (3d Cir. 2005) (citing U.S. v. Johnson, 529 U.S. 53, 60 (2000)); see U.S. v. Cook, 329 F.3d 335, 337-38 (3d Cir. 2003) (relying on the Supreme Court's opinion in Johnson that supervised release begins on

7

the day the person is released from imprisonment).

The Johnson case is instructive on this issue. In Johnson, the petitioner was serving time in federal prison when two of his convictions were declared invalid. Id. at 55. The District Court vacated the two convictions and ordered Johnson's immediate release since he had served over two and half years more time than required. Id. Johnson's term of supervised release began immediately after his release. Id. Johnson requested a reduction in his supervised release by two and half years since he would have started his supervised release that much earlier. Id. The Supreme Court rejected this argument and held that Johnson's term of supervised release began on the date he was released from prison, rather than the date he should have been released. Id. at 60. Even taking equitable considerations into account, the Supreme Court stated, "[t]he statute, [18 U.S.C. § 3624(e)]⁵ by its own necessary operation, does not

---

[5] The controlling statute in Johnson is 18 U.S.C. § 3624(e), which provides in relevant part:

> Supervision after release.--A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer . . . . The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole

reduce the length of a supervised release term by reason of excess time served in prison." Id. (finding that the purpose of the statute is to assist individuals in their transition to community life).

    Since it is clear that we cannot grant any reduction in the term of petitioner's supervised release, we do not reach the merits of whether petitioner should have received a one-year sentence reduction for completion of the drug program. Even if we were to find that petitioner should have received the sentence reduction, he is out of prison and, under Johnson, we cannot reduce the length of his supervised release. Since we cannot grant a writ of habeas corpus, and there is no other relief requested, we deny the petition.

---

    for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days ... .

18. U.S.C. § 3624(e); Johnson, 529 U.S. 53.

### III. Conclusion

The Court dismisses the petition for writ of habeas corpus under 28 U.S.C. § 2241 without prejudice.  An Order consistent with this Opinion will be filed.

                                         <u>  Noel L. Hillman  </u>
                                         NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Date: June 26, 2007